UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA B.-C.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C19-5676-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting certain medical opinions and in discounting her subjective allegations. (Dkt. # 12 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1962, has a high school diploma and two years of college education, and has worked as a file clerk, receptionist, mail clerk, secretary, educational assistant, and bus monitor. AR at 125, 130-31, 296. Plaintiff was last gainfully employed in April 2015. *Id.* at 295.

In September 2015, Plaintiff applied for benefits, alleging disability as of April 27, 2015. AR at 276-82. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 195-97, 202-08. After the ALJ conducted a hearing on August 17, 2017 (*id.* at 118-57), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 53-65.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff's left knee degenerative joint disease, status-post knee replacement; left ankle degenerative joint disease with tendinopathy; lumbar degenerative disc disease; diabetic neuropathy; asthma; and obesity are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform sedentary work with additional limitations: she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs, but can never climb ladders, ropes, or scaffolds. She can occasionally operate foot controls with the left foot. She can have occasional exposure to vibration and extremely cold temperatures as well as occasional exposure to concentrated levels of dust, fumes, gases, poor ventilation, and the like.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 53-65.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Discounting Plaintiff's Subjective Allegations

The ALJ discounted Plaintiff's testimony because (1) the objective medical evidence failed to support Plaintiff's alleged limitations, and (2) Plaintiff's conditions improved with treatment. AR at 59-61. In the Ninth Circuit, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff challenges the ALJ's interpretation of the record, contending that the record indeed supports her allegations and demonstrates that her knee and ankle conditions did not

significantly improve with treatment. After reviewing the medical record, the Court agrees with

Plaintiff: the record shows that although Plaintiff's providers documented some initial recovery

after her surgeries and initial improvement with an ankle brace, her pain returned and her

providers continued to note severe knee and ankle pain and gait disturbance, and were apparently

considering further surgical intervention in order to address her continued symptoms. *See* AR at

791, 797, 950, 1069, 1072, 1075-76, 1619-21, 1636, 1639, 1668, 1707, 1711. The ALJ's

description of Plaintiff's purported improvement relies on either isolated evidence of short-lived

gains, or evidence of improvement that occurred years prior to the alleged onset date (*id*. at 60-

61 (citing *id.* at 688, 691, 1054, 1093, 1168, 1180, 1188, 1190, 1252)), which does not accurately

reflect the overall medical record for the adjudicated period. Because the ALJ mischaracterized

the medical record to find that it demonstrated longitudinal improvement, the Court does not

affirm the ALJ's discounting of Plaintiff's allegations based on that purported improvement. *See*

*Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (holding that the court "may not affirm

simply by isolating a specific quantum of supporting evidence[,]" but must review the record as a

whole).

### B.      The ALJ Erred in Assessing Medical Opinions

Plaintiff challenges the ALJ's assessment of two opinions written by examining

physicians, each of which the Court will address in turn.

#### 1.      *Legal Standards*

Where not contradicted by another doctor, a treating or examining doctor's opinion may

be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th

Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where

contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and

1    legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d

2    at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

3                    2.    *Thomas Gritzka, M.D.*

4        Dr. Gritzka examined Plaintiff in June 2017 and wrote a narrative report describing

5    Plaintiff's symptoms and limitations. AR at 1641-46. Dr. Gritzka opined that Plaintiff could not

6    perform even sedentary work based on, *inter alia*, her "poor outcome from her left total knee

7    arthroplasty[.]" *Id*. at 1646. The ALJ discounted this opinion as inconsistent with the record,

8    which showed "mostly mild" findings and did not demonstrate debilitating symptoms. *Id*. at 62.

9    The ALJ also stated that Plaintiff's knee condition improved after her surgery, rather than

10   showing a poor outcome. *Id*.

11       As explained *supra*, the ALJ failed to account for the majority of the medical record

12   when finding that Plaintiff's knee condition improved after surgery or that the record did not

13   demonstrate debilitating symptoms. Accordingly, the Court finds that the ALJ did not provide

14   legitimate reasons to discount Dr. Gritzka's opinion.

15                   3.    *Bradley Waite, D.O.*

16        Dr. Waite examined Plaintiff in January 2016 and wrote a narrative opinion, finding

17   Plaintiff to be *inter alia* "restricted from" lifting, carrying, pushing, pulling, kneeling, and

18   squatting due to her need for walking assistance. AR at 674-78. The ALJ discounted Dr. Waite's

19   opinion because it was vague, in that the doctor failed to indicate, for example, the maximum

20   amount of weight that Plaintiff could lift/carry, or how often she could squat or kneel. *Id*. at 62.

21       The ALJ apparently misread Dr. Waite's opinion: Dr. Waite found that Plaintiff was

22   "restricted from" lifting, carrying, pushing, pulling, kneeling, and squatting, which indicates that

23   she cannot perform those activities to any degree. AR at 677-78. If Dr. Waite had described

Plaintiff as "limited" as to those activities, but failed to indicate the degree of limitation, the

ALJ's interpretation would be legitimate and reasonable. Describing Plaintiff as "restricted

from" performing certain activities, however, is not vague. Thus, the Court finds that the ALJ

erred in discounting Dr. Waite's opinion on the basis of vagueness.

Plaintiff requests that the errors in the ALJ's decision be remedied by a remand for either

a finding of disability or further proceedings. (Dkt. # 12 at 9.) A remand for an immediate award

of benefits is, however, an "extreme remedy," appropriate "only in 'rare circumstances.'"

*Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of*

*Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Plaintiff's conclusory request does not

suffice to show that the extraordinary remedy of a remand for a finding of disability is warranted

under the specific circumstances of this case. Accordingly, the Court finds that a remand for

further proceedings is appropriate.

### V.      CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this

case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. §

405(g). On remand, the ALJ should reconsider the opinions of Drs. Gritzka and Waite,

reconsider Plaintiff's testimony, and reconsider any other portions of the decision as necessary.

Dated this 3rd day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6